UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JAMES E. MCLEAN, JR., )
)
    Petitioner, ) Civil Action No. 11-124-HRW
)
V. )
)
J.C. HOLLAND, WARDEN, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

James E. McLean, Jr., is a prisoner confined at the Federal Prison Camp in Ashland, Kentucky. Proceeding without counsel, McLean has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and a subsequent memorandum in further support of his petition. [R. 8] The Court has reviewed the petition and memorandum,[1] but must deny relief because McLean may not assert his

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

claims in this habeas proceeding pursuant to Section 2241.

## I.

On September 13, 2002, McLean was indicted by a federal grand jury sitting in Charlotte, North Carolina for his leadership role in an extensive conspiracy to defraud the Department of Housing and Urban Development ("HUD"), the Government National Mortgage Association ("Ginnie Mae"), and the Federal National Mortgage Association ("Fannie Mae") through the issuance of loans secured by mortgages on non-existent or undeveloped properties. Following a week-long trial, a jury found him guilty on all counts on November 22, 2002. *United States v. McLean*, No. 3:02-cr-156-MR (W.D.N.C. 2002). The Fourth Circuit affirmed the convictions on direct appeal, but remanded for resentencing in conformity with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. McLean*, 131 F. App'x 34, 36-38 (4th Cir. 2005).

On August 5, 2005, the trial court resentenced McLean to a 252-month term of incarceration and ordered restitution in the amount of approximately $24 million, a sentence affirmed by the Fourth Circuit on August 24, 2006. *United States v. McLean*, 192 F. App'x 234 (4th Cir. 2006). The Supreme Court denied *certiorari* on June 29, 2007.

On August 14, 2007, McLean filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. As grounds, McLean contended the

indictment was initially defective in several respects and was constructively amended during trial through the conduct of the prosecution and the court; the indictments were duplicitous; the evidence was insufficient to convict him; his counsel was constitutionally ineffective; and the court committed several errors in sentencing.

Before the trial court ordered the government to respond, on June 2, 2008, the Supreme Court decided *United States v. Santos*, 553 U.S. 507 (2008), in which it held that the term "proceeds" as used in the federal money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(I), will generally mean "profits" rather than merely "receipts" when applied to federal criminal statutes regarding running various criminal enterprises, such as gambling, drug trafficking, and conspiracy offenses. *Santos*, 553 U.S. at 515-19. However, Justice Stevens's concurring opinion in the 4-1-4 decision indicates that this may not always be so, and each offense must be examined to determine whether the defendant used the funds generated in the underlying predicate criminal activity in such a way as to run afoul of the separate prohibition against money laundering. *Santos*, 553 U.S. at 525-29 (Stevens, J., concurring).[2]

---

[2] The Sixth Circuit has held that the holding of the Supreme Court, being "the "position taken by those [Justices] who concurred in the judgment[ ] on the narrowest grounds" under *Marks v. United States*, 430 U.S. 188, 193 (1977), is that:

> "[P]roceeds" does not always mean profits, as Justice Scalia concluded; it means profits only when the § 1956 predicate offense creates a merger problem that leads to a radical increase in the statutory maximum sentence and only when nothing in the legislative history suggests that Congress intended such an increase. Whenever a predicate offense satisfies this narrow rule, the Justices in the plurality would hold "proceeds" means profits as well, because they would define "proceeds" as profits

Immediately thereafter, on September 29, 2008, McLean filed a motion to amend his 2255 motion to include a claim that his counsel was ineffective for failing to argue that under *Santos* he had not violated the money laundering statute. Following the government's detailed response, the trial court entered an extensive opinion denying relief on January 18, 2011. In doing so, it noted that the Supreme Court's limited holding in *Santos* applied only to money laundering convictions incident to illegal gambling operations, *United States v. Howard*, 309 F. App'x 760, 771 (4th Cir. 2009), and that the evidence at trial established that McLean had used receipts generated by the mortgage fraud scheme he conducted for numerous purposes other than to fund further illegal activity within that preexisting conspiracy. *McLean v. United States*, No. 3:07-cv-331-MR (W.D.N.C. 2002) [R. 20, pp. 59-62 therein]. The Fourth Circuit Court of Appeals denied McLean a certificate of appealability on July 1, 2011.

In his November 22, 2011, petition, McLean seeks relief from his convictions and his sentence on many of the same grounds. First, McLean contends that his conviction for both numerous substantive offenses, such as wire and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, making false statements in violation of 18 U.S.C. §§ 1001, 1006, and money laundering in violation of 18 U.S.C. § 1956, as

---

for every predicate offense.
*United States v. Kratt*, 579 F.3d 558, 562-63 (6th Cir. 2009).

well as for conspiracy to commit each of these substantive offenses in violation of U.S.C. § 371, creates a "merger" problem of the kind recognized by the Supreme Court in *Santos*. [R. 1-1 at 2-3; 8-11] Second, McLean argues that because the plurality opinion in *Santos* held that the term "proceeds" as used in the money laundering statute referred to "profits" rather than to "receipts," he is actually innocent of money laundering. [R. 1-1 at 3-6]

McLean's third and fourth claims challenge the sufficiency of the evidence presented to convict him of bank fraud [R. 1-1 at 12-13] and making false statements [R. 1-1 at 13-14]. McLean's fifth and final argument is that the trial court erred during sentencing by applying an older version of the sentencing guidelines and miscalculated his criminal history. [R. 1-1 at 14-16]

## II.

The Court will deny the petition because McLean may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 is or was "inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under Section 2255, or where he did assert his claim in an earlier motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

McLean's claims are primarily based upon events which occurred during his original criminal proceedings, and thus could and should have been asserted during his trial, direct appeal, or by motion under Section 2255. *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under Section 2241 is not available where

"for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.")  Because these claims, even if meritorious, did not convict McLean of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).").

None of the claims asserted by McLean fall within this narrow exception. McLean's first argument is essentially a reiteration of his "duplicity" arguments asserted in his initial 2255 motion.  His contention, that he cannot be convicted of both a substantive offense and a conspiracy to commit that offense, is not predicated upon *Santos*, and is one which he could, and should, have asserted at trial, on direct appeal, or in his 2255 proceedings.  His third, fourth, and fifth challenges - to the sufficiency of the evidence used to convict him and to the sentence imposed - were also raised in some fashion in his 2255 petition, and were denied by the trial court. In addition, such claims are not cognizable in this 2241 proceeding. *United States v.*

*Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (holding that claims of sentencing error are not cognizable under § 2241); *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (holding that challenges to the sufficiency of evidence to support conspiracy conviction could be raised on appeal and under Section 2255, rendering relief under Section 2241 unavailable); *Griffin v. Wiley*, 141 F. App'x 843, 844 (11th Cir. 2005).

McLean's second claim also fails to provide a basis for relief in this proceeding. McLean contends that under *Santos* he did not commit money laundering because he used the proceeds from his mortgage scheme exclusively to pay the expenses of the enterprise. The Supreme Court's decision in *Santos* was one of statutory interpretation, was rendered nearly a year after McLean's conviction became final on direct appeal, and a number of courts have determined that the decision is retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012) (collecting cases). *Santos* thus satisfies the threshold requirement that a § 2241 petitioner predicate his or her claim for relief upon a retroactively-applicable Supreme Court decision which (here, at least potentially) narrows the scope of conduct proscribed by the statute of conviction. *Martin*, 319 F.3d at 804.

Nonetheless, under these particular facts, McLean has failed to demonstrate that his remedy under § 2255 was ineffective to test the legality of his detention. Here, after *Santos* was decided, McLean was permitted to amend his § 2255 petition

to expressly assert claims predicated upon the Supreme Court's decision in *Santos*, and the trial court considered and rejected those claims, both legally and factually. Further, the Fourth Circuit considered and rejected the grounds for relief requested by McLean is his motion for a certificate of appealability. Sixth Circuit law is clear that a habeas petitioner cannot be allowed to use a § 2241 petition as a "second bite at the apple," a *de facto* appeal from a trial court's denial of relief under § 2255. *Charles*, 180 F.3d at 756 ("[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied[.]"). *See also Lucas v. Berkebile*, No. 7:11-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

In addition, when denying relief, the trial court stated that the evidence at trial established that McLean had used the proceeds from his mortgage scheme not merely to pay its expenses and its other participants, but to engage in new and further criminal activity by transferring funds used to defraud Fannie Mae into a new effort to commit a similar fraud upon Ginnie Mae, and for his own personal expenditures. A federal court in a post-conviction proceeding may rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001) (*citing Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). For these reasons, McLean's petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. McLean's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. McLean's motion for status [R. 10] is **GRANTED**; McLean's motion to appoint counsel [R. 10] is **DENIED.**

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This 21st day of November, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge